UNITED STATES of America, Appellee,

v.

Abdias MARCELLUS, Defendant–Appellant.

No. 04–0226–CR.

United States Court of Appeals, Second Circuit.

Dec. 10, 2004.

Colleen Kavanagh, Assistant United States Attorney, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, Brooklyn, NY, on the brief), for Appellee, of counsel.

Frank H. Langrock, Langrock Sperry and Wool, LLP, Middlebury, VT (Peter F. Langrock, Langrock Sperry and Wool, LLP, Middlebury, VT, on the brief), for Appellant.

Present: JACOBS, CARDAMONE, and CABRANES, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Abdias Marcellus appeals from an October 27, 2003 judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), convicting Marcellus, upon his plea of guilty, of conspiring to traffic in firearms, in violation of 18 U.S.C. § 371. Marcellus was sentenced to 46 months in prison and three years of supervised release. We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal.

Marcellus contends that several sentencing enhancements were plain error in violation of his Sixth Amendment rights under *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), as they were neither allocuted to by Marcellus nor found by a jury beyond a reasonable doubt. We will not apply *Blakely* to the Federal Sentencing Guidelines unless and until the Supreme Court rules that we must. *See United States v. Mincey,* 380 F.3d 102 (2d Cir.2004). We therefore reject Marcellus's *Blakely* claims at this time. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, 2004 WL 2331491, and *United States v. Fanfan,* No. 04–105, 2004 WL 2331491 (argued October 4, 2004).

Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**